UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN M. LINDSAY,     : | |
|     Plaintiff,     : | |
|          : | |
| v.     : | Case No. 3:16cv88(JAM) |
|          : | |
| OMPRAKASH PILLAI,     : | |
|     Defendant.     : | |

### INITIAL REVIEW ORDER

Plaintiff Kevin M. Lindsay is a prisoner of the Connecticut Department of Correction at MacDougall-Walker Correctional Institution. He has filed a *pro se* complaint under 42 U.S.C. § 1983 against defendant Dr. Omprakash Pillai alleging that defendant was deliberately indifferent to his medical needs, in violation of the Eighth Amendment. After an initial review, the Court concludes that the complaint alleges sufficient facts to give rise to plausible grounds for relief and should be served on defendant in his individual capacity.

### BACKGROUND

The following is a summary of plaintiff's allegations as set forth in his complaint. On August 26, 2012, a chair that plaintiff was sitting in during a prison visit collapsed, and he fell to the ground injuring his right hip, lower back, and neck. He experienced severe pain and had difficulty walking back to his cell.

On August 30, 2012, defendant examined plaintiff, prescribed Tylenol and a muscle relaxant, and had x-rays taken of plaintiff's back. After three days, the pain persisted, and plaintiff requested to see defendant again, at which time defendant told him that his x-rays were

1

normal. Plaintiff continued to experience pain in his back and had problems performing daily activities.

During October 2012, plaintiff asked to see defendant again. Defendant examined him and prescribed another pain medication. The new medication did not relieve the pain. Defendant declined plaintiff's request for an MRI and told him that there was nothing wrong.

Plaintiff continued to experience pain in his lower back and found it difficult to get out of bed. In December 2012, Dr. Pillai told plaintiff that he could not find anything in the x-rays and that no MRI was needed. A physician's assistant increased the dosage for pain medication that had previously been prescribed by defendant, but this did not alleviate plaintiff's pain.

For the next two years, plaintiff continued to be in pain and to request help from the prison medical unit. He requested to see defendant every month, and he was told that there was nothing wrong. In August 2014, defendant sent plaintiff to have more x-rays done of his spine, and he was told by defendant that his pain was "in my head" and that his x-rays were normal.

On November 19, 2014, plaintiff lost all movement from his waist down. The medical unit placed him in a wheelchair, given more medications, and then he was able to walk with the help of a walker.

In February 2015, plaintiff was unable to stand up straight and could not get up on the examining table. A physician's assistant renewed an order for pain medication and placed the plaintiff on a list to see an orthopedist. In July 2015, a different doctor at the correctional facility, Dr. LaFrance, examined plaintiff and prescribed a new pain medication as well as a muscle relaxant.

In September 2015, Dr. LaFrance saw plaintiff again and determined that he needed an MRI. In October 2015, plaintiff underwent an MRI of his spine at the University of Connecticut Health Center, and this revealed that plaintiff had dislocated four discs in his back and three discs in his neck.

Plaintiff now seeks an award of money damages of $2 million for pain and suffering due to defendant's misdiagnosis of his injury. He contends that defendant was deliberately indifferent to his medical needs by failing to respond to his requests for treatment and by mocking plaintiff and claiming that there was nothing wrong.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. It is well-established that *pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest. *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Still, a *pro se* complaint must allege facts that state a claim for relief that is plausible on its face. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

The Court concludes that plaintiff's detailed allegations against defendant—if true—state plausible grounds for relief under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Spavone v. New York State Dept. of Corr. Services*, 719 F.3d 127, 138

3

(2d Cir. 2013) (discussing elements of a claim for deliberate indifference to medical needs under the Eighth Amendment).

To the extent that plaintiff may seek damages from defendant in his official capacity, an official-capacity claim is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985). Accordingly, plaintiff's suit may proceed against defendant only in defendant's personal capacity and without prejudice to the right of defendant to controvert plaintiff's allegations or to otherwise defend against this lawsuit.

## ORDERS

The Court enters the following orders:

(1)     The claim against defendant in his official capacity for money damages is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The deliberate indifference to medical needs claim will proceed against defendant Pillai in his individual capacity.

(2)     **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for Dr. Omprakash Pillai and mail a waiver of service of process request packet to the defendant in his individual capacity at his current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of the request.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The defendant shall file his response to the complaint, either an answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He may also include any and all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order.  Discovery requests need not be filed with the court.

(5)     All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

SO ORDERED at New Haven, Connecticut this 12th day of February, 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge